IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GILBERT LEE MEDINA,

          Petitioner,

     vs.

UNITED STATES OF AMERICA,

         Respondent.

Criminal No. 13-01039 HG-01
Civil No. 19-00148 HG-KJM

**ORDER DENYING PETITIONER GILBERT LEE MEDINA'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 218)**

**and**

**DENYING A CERTIFICATE OF APPEALABILITY**

On March 25, 2019, Petitioner Gilbert Lee Medina filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

Petitioner seeks to vacate his March 31, 2016 convictions following a seven-day jury trial.  He claims that he received ineffective assistance of counsel on appeal.  He argues that on appeal his counsel should have challenged the District Court's compliance with the procedures set forth in 21 U.S.C. § 851.

Petitioner did not receive ineffective assistance of counsel.

Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 218) is **DENIED**.

A Certificate of Appealability is **DENIED**.

## BACKGROUND

**Indictment And Petitioner's Guilty Plea**

On May 30, 2013, a criminal complaint was filed against Petitioner. (ECF No. 1).

On November 18, 2013, Petitioner was arrested. (ECF No. 2).

On November 19, 2013, an amended criminal complaint was filed. (ECF No. 5).

Also on November 19, 2013, the Federal Public Defender's Office was appointed as Petitioner's counsel. (ECF No. 6).

On November 22, 2013, the Federal Public Defender's Office filed a Motion to Withdraw as Counsel. (ECF No. 10).

On November 26, 2013, the grand jury returned a two-count Indictment against Petitioner. (ECF No. 13).

The Indictment charged Petitioner as follows:

**Count 1:** Conspiracy to knowingly and intentionally distribute and possess with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and

**Count 2:** Possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

(Indictment, ECF No. 13-1).

On November 27, 2013, the Motion to Withdraw as Counsel filed by the Federal Public Defender's Office was granted. (ECF No. 17).

On the same date, Attorney Andrew Park was appointed as Petitioner's new counsel. (ECF No. 18).

On December 2, 2013, Petitioner pled not guilty. (ECF No. 21).

On May 12, 2014, Petitioner changed his plea and pled guilty to Counts 1 and 2 of the Indictment. (ECF No. 30).

On June 19, 2014, the Court accepted Petitioner's guilty plea. (ECF No. 36).

**Attorney Andrew Park's Withdrawal As Counsel And Appointment Of Attorney Stuart N. Fujioka**

On August 19, 2014, Petitioner filed a Motion to Withdraw His Guilty Plea. (ECF No. 37).

On the same date, Attorney Park filed a Motion to Withdraw as Counsel. (ECF No. 38).

On September 2, 2014, Attorney Andrew Park's Motion to Withdraw as Counsel was granted. (ECF No. 43).

On September 3, 2014, Attorney Stuart Fujioka was appointed as Petitioner's new counsel. (ECF No. 45).

**Petitioner's Withdrawal Of Guilty Plea**

On September 3, 2014, the Government filed a Memorandum in

Opposition to Defendant's Motion to Withdraw His Guilty Plea. (ECF No. 44).

On September 25, 2014, the Court held a hearing. At the hearing, Attorney Fujioka orally moved to withdraw Petitioner's guilty plea based on the written Motion To Withdraw filed by Attorney Park. (ECF No. 48). The Court allowed Petitioner to have additional time to file a written Memorandum, with the assistance of Attorney Fujioka, in support of his request to withdraw his guilty plea. (Id.)

On October 27, 2014, Petitioner filed a Memorandum in Support of His Motion to Withdraw Guilty Plea. (ECF No. 53). In the Memorandum, Petitioner explained that he believed his confession was coerced and wanted his counsel to file a motion to suppress. (Id.) Petitioner believed there was newly available evidence that supported his position and wanted to withdraw his guilty plea based on such evidence. (Id.)

On December 2, 2014, the Government filed a Supplemental Response to Petitioner's Motion to Withdraw His Guilty Plea. (ECF No. 57).

On December 8, 2014, the Court held a hearing on Petitioner's Motion to Withdraw Guilty Plea. (ECF No. 59).

At the hearing, the Government represented that Petitioner would face sentencing enhancement based on his two prior felony drug convictions pursuant to 21 U.S.C. § 851. The Government

stated that it was in the process of receiving certified conviction records from the State of California regarding Petitioner's two prior felony drug convictions. The Government stated that it had not yet filed for sentencing enhancement because Petitioner had pleaded guilty before it received the records. The Government explained that, if Petitioner withdrew his guilty plea, it would file a Special Information Pursuant to 21 U.S.C. § 851. The Government explained that the Special Information would increase Petitioner's mandatory minimum sentence to a mandatory life sentence should he be found guilty at trial. (Transcript of December 8, 2014 Hearing at p. 16, ECF No. 213). The Government stated:

> And it is certainly my intention to file these 851 enhancements if and when this court allows him to withdraw his guilty plea because he has a substantial criminal record, there are — have a number of witnesses that said he had contacts repeatedly with a drug organization that had substantial amounts of drugs coming into Hawaii, and so his criminal history and his contacts with these drug organizations alone would enable me in my discretion to file those. And so we do intend to file them. We would have filed them had we got them before he entered his plea agreement, Your Honor.

(Id. at pp. 16).

Petitioner maintained that he wanted to withdraw his plea despite the Government's representation that it intended to file a Special Information to enhance his sentence pursuant to 21 U.S.C. § 851. (Id. at p. 17). The Court questioned Petitioner:

The Court:     Mr. Medina.

5

| | |
|---|---|
| Petitioner: | Yes, Your Honor. |
| The Court: | Have you heard everything that's been said here today? |
| Petitioner: | Yes. |
| The Court: | You heard the last thing that Mr. Roberts said? |
| Petitioner: | Yes, Your Honor. |
| The Court: | And you want to withdraw your plea? |
| Petitioner: | Please. Yes. |
| The Court: | I am going to allow you to withdraw your plea. I've done everything I can to get all of the information before you. |
| Petitioner: | Yes. |
| The Court: | And it is within the court's discretion. |
| Petitioner: | Yes, ma'am. |
| The Court: | I think you are of the belief that there is some problem here that will assist you, and we've gone through various factors and that's the conclusion that you have come to. |
| Petitioner: | Yes, Your Honor. |
| The Court: | And I believe that people, if they truly want to face a trial and they think that is in their best interest, then — especially when they're facing a very long sentence, then it is appropriate for a judge to allow that person to go forward, even if it is not evident that it is in their best interest. |

Petitioner:    Yes, Your Honor.  I understand.

(Id. at pp. 17-18).

The Government reiterated that it would seek a mandatory life sentence in Petitioner's case if he withdrew his plea based on his two prior felony drug convictions.  The Government stated, "...I want to just reassert our intention not to just put — not to just file one 851 but to file both of them so that he is facing a mandatory life sentence."  (Id. at p. 19).

Petitioner's attorney agreed that the Government was able to file the Special Information, but argued that the Government should exercise its discretion and decline to the file the sentencing enhancement.  (Id. at pp. 19-20).  The Court found that the Government was permitted to file the Special Information pursuant to 21 U.S.C. § 851.  (Id.)

The Court granted Petitioner's Motion to Withdraw His Guilty Plea.  (ECF No. 59).

## Government Filing Of A Special Information Pursuant To 21 U.S.C. § 851

On December 17, 2014, the Government filed a SPECIAL INFORMATION AS TO PRIOR DRUG CONVICTION PURSUANT TO 21 U.S.C. § 851.  (ECF No. 60).

The Special Information stated that the Defendant was subject to an increased mandatory minimum sentence because of his prior felony drug convictions pursuant to 21 U.S.C. §§ 841(b),

851, as follows:

1. On or about February 5, 1991, Defendant
Gilbert Lee Medina was convicted in the
Superior Court of California, County of
Riverside, in Case No. ICR-13812 of the
following felony drug offense:

A. Possessing for sale and purchasing for
purpose of sale a controlled substance,
to wit, heroin.

B. True and correct certified copies of
court documents related to the above
mentioned conviction are attached hereto
(Felony Complaint, Sentencing Document
dated 02/05/91, and Abstract of
Judgment), and incorporated herein by
reference as Exhibit "A", and

2. On or about September 1, 1992, Defendant
Gilbert Lee Medina was convicted in the
Superior Court of California, County of
Riverside, in Case No. ICR-15804 of the
following felony drug offense:

A. Possessing for sale a controlled
substance, to wit, methamphetamine.

B. True and correct certified copies of
court documents related to the above
mentioned conviction are attached hereto
(Felony Complaint, Sentencing Document
dated 09/01/92, and Report of
Indeterminate Sentence), and
incorporated herein by reference as
Exhibit "B."

(Special Information, ECF No. 60).

The Government attached certified copies of the two prior

felony convictions as Exhibits A and B to the Special

Information.  (ECF Nos. 60-1 and 60-2).

**Superseding Indictment And Petitioner's Motion To Suppress**

On January 5, 2015, Petitioner filed DEFENDANT GILBERT MEDINA'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE. (ECF No. 61).

On January 22, 2015, the Government filed its Opposition to Petitioner's Motion to Suppress. (ECF No. 66).

On January 28, 2015, the Government filed a Superseding Indictment. (ECF No. 68). The Superseding Indictment added Count 3, to the already charged Counts 1 and 2, as follows:

**Count 3:** Knowingly attempted to enter a secure area of an airport by fraud and false pretense, in violation of 18 U.S.C. § 1036(a)(4).

(Superseding Indictment at pp. 3-4, ECF No. 68).

On January 29, 2015, the Petitioner filed a Reply to the Government's Opposition to his Motion to Suppress. (ECF No. 71).

On February 17, 18, and 19, 2015, the Court held hearings on Defendant's Motion to Suppress. (ECF Nos. 85, 86, 87).

On April 7, 2015, the Court held a continued hearing on Defendant's Motion to Suppress. (ECF No. 99). Defendant Medina testified in support of his Motion to Suppress. (Id.)

On April 10, 2015, the Court held another continued hearing on Defendant's Motion to Suppress. (ECF No. 100). Following the hearing, the Court rendered an oral ruling denying Defendant's Motion to Suppress. (Id.)

On May 28, 2015, the Court issued an ORDER DENYING DEFENDANT

GILBERT LEE MEDINA'S MOTION TO SUPPRESS STATEMENTS AND EVIDENCE. (ECF No. 104). The Court found the statements Petitioner made to federal agents on April 9, 2013 and February 24, 2014 were made voluntarily and were not the product of coercion. (Id.) The Court also found that Petitioner voluntarily turned over the .380 caliber handgun to federal agents on April 10, 2013. (Id.)

**Attorney Stuart N. Fujioka's Withdrawal As Counsel And Appointment Of Attorney John Schum**

On June 1, 2015, Attorney Stuart N. Fujioka filed a Motion to Withdraw As Counsel. (ECF No. 105).

On June 18, 2015, Attorney Fujioka's Motion to Withdraw was granted. (ECF No. 108).

On June 19, 2015, Attorney John Schum was appointed as counsel to represent Petitioner. (ECF No. 109).

**Jury Trial**

A seven-day jury trial commenced on December 8, 2015. Trial was held on December 8, 9, 10, 14, 15, 16, and 17, 2015. (ECF Nos. 167, 168, 169, 170, 172, 175, 178).

On December 18, 2015, the jury returned a verdict. (Verdict, ECF No. 180). Petitioner was found guilty on all counts 1-3. (Id.)

**Sentencing**

On February 8, 2016, the Probation Officer filed the Second

Draft Presentence Investigation Report. (ECF No. 188). The Draft Presentence Investigation Report stated that Petitioner's conviction as to Count 1 for conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine carried a mandatory life sentence of imprisonment based on the Special Information filed by the Government pursuant to 21 U.S.C. § 851. (Draft PSR at ¶ 111, ECF No. 188).

On February 29, 2016, Petitioner filed his Sentencing Statement. (ECF No. 191). Petitioner's Attorney Schum challenged the propriety of the Government filing the Special Information pursuant to 21 U.S.C. § 851. (Id. at p. 4).

On March 9, 2016, the Probation Officer filed the Final Presentence Investigation Report. (ECF No. 192). The Final Presentence Investigation Report maintained that Petitioner was subject to life imprisonment as to Count 1 despite the Petitioner's objection. (Final PSR at ¶ 111, Addendum to the PSR, p. 41, ECF No. 192).

On March 29, 2016, Petitioner filed character letters in support of sentencing. (ECF No. 194).

On March 31, 2016, the Court held the sentencing hearing. At the hearing, Attorney Schum argued that Petitioner should not be subject to the mandatory life sentence pursuant to the Government filing the Special Information. He argued, as follows:

And as far as the 851s go, when we look at the attorney
general's former memos that have been sent out, they
are cautioning U.S. attorneys from filing 851s for
various reasons. You can pick and choose which ones
that say that Mr. Medina should be subject to a life —
sentenced to life in prison. But under the two memos,
the August 12, 2013 and the August 29th, 2013 by
Attorney General Holder, he is doing everything he can
to suggest that 851s in various cases should not be
filed subjecting someone in Mr. Medina's situation to a
life sentence.

The convictions were old, over 20 years, and we believe
that, under the guidance the attorney general provided,
he still should not be subject — or that the United
States Attorney's office should not have filed the 851s
in this case, and that it was done because he did
withdraw his pleas and was done in retaliation for
that.

(Transcript of Sentencing Hearing on March 31, 2016, at pp.

3-4, ECF No. 211).

The Court disagreed. It explained that there was evidence

that the Government had requested the documents for Petitioner's

prior convictions in April 2014, prior to Petitioner entering

into a plea deal with the Government in May 2014. The guilty

plea, however, was withdrawn in December 2014. Following the

withdrawal, the Government received the documents of Petitioner's

former convictions and filed them in support of the Special

Information. (Id. at pp. 11-12). The Court stated, that despite

the Petitioner's objections, "Mr. Medina did not meet the profile

of someone for whom the enhancement should not be filed, and

therefore, it is not inappropriate for the government to choose

to file it in this matter." (Id. at p. 12).

Petitioner was sentenced to life imprisonment as to Count 1, ten years imprisonment as to Count 2, and six months imprisonment as to Count 3.  (Judgment, ECF No. 196).

**Appeal To The Ninth Circuit Court Of Appeals**

On April 13, 2016, Petitioner filed a Notice of Appeal to the Ninth Circuit Court of Appeals.  (ECF No. 198).

On appeal, Attorney Schum challenged the Government's use of the Special Information pursuant to 21 U.S.C. § 851.  He argued that the Government should have been precluded from seeking sentencing enhancement because it was retaliatory for Petitioner withdrawing his guilty plea.  (Pet.'s Brief on Appeal at pp. 16-19, Ninth Circuit Court of Appeals Dkt. Entry 12, Case No. 16-10159).

On February 14, 2018, the Ninth Circuit Court of Appeals issued a Memorandum Opinion.  (ECF No. 215).  The appellate court affirmed the conviction and sentence, as follows:

> Medina's challenges to his life sentence also fail.  At every stage of the proceedings the Government explained that it would seek a 21 U.S.C. § 851 enhancement if it had the necessary state court documents, and it updated Medina and the district court on its progress in acquiring the documents.  The Government's effort to seek the enhanced sentence was not vindictive or retaliatory.
>
> (Memorandum Opinion at p. 3, ECF No. 215).

**Section 2255 Petition**

On March 25, 2019, Petitioner filed a MOTION UNDER 28 U.S.C.
§ 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY.  (ECF No. 218).

On the same date, Petitioner filed a Motion to Proceed In
Forma Pauperis and a Motion for Appointment of Counsel.  (ECF
Nos. 221, 222).

On March 27, 2019, the Court issued a Minute Order denying
as moot Petitioner's Motion to Proceed In Forma Pauperis and
denying Petitioner's Motion for Appointment of Counsel.  (ECF No.
224).

On April 30, 2019, the Government filed a Motion for
Extension of Time to File a Response.  (ECF No. 225).

On May 1, 2019, the Court issued an ORDER (1) FINDING A
WAIVER OF THE ATTORNEY-CLIENT COMMUNICATION PRIVILEGE WITH
RESPECT TO PETITIONER'S 28 U.S.C. § 2255 MOTION; AND (2)
EXTENDING BRIEFING DEADLINES.  (ECF No. 226).

On June 14, 2019, the Government filed GOVERNMENT'S
MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION PURSUANT TO 28
U.S.C. § 2255 TO VACATE CONVICTION.  (ECF No. 227).

On July 8, 2019, Petitioner filed his Reply.  (ECF No. 228).

The Court elected to decide the matter without a hearing
pursuant to District of Hawaii Local Rule 7.1(c).

## **STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence if:

> (1) the sentence was imposed in violation of the Constitution or laws of the United States;
>
> (2) the court was without jurisdiction to impose such a sentence;
>
> (3) the sentence was in excess of the maximum authorized by law;
>
> (4) or the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

A prisoner may file a motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255. The scope of collateral attack of a sentence is limited, and does not encompass all claimed errors in conviction and sentencing.

A district court must hold an evidentiary hearing to assess the worthiness of a Section 2255 Motion unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b).

## **ANALYSIS**

As an initial matter, the Court construes Petitioner Gilbert Lee Medina's filings liberally, as he is proceeding pro se. Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008).

Petitioner's Section 2255 Motion is premised on alleged ineffective assistance of counsel on appeal by his appointed counsel John M. Schum.

A prisoner who alleges ineffective assistance of counsel in a Section 2255 Motion must satisfy the two-part test of ineffective assistance set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984).

First, the petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution.  Id.

Second, the petitioner must show that the counsel's deficient performance was prejudicial.  This requires showing that counsel's errors were so serious as to deprive the prisoner of a fair trial or fair representation.  Id.  The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.

Petitioner claims that his Attorney John Schum should have challenged the District Court's compliance with the procedures set forth in 21 U.S.C. § 851 in enhancing Petitioner's sentence based on his prior felony drug convictions.

Petitioner's claim fails.  The record conclusively

16

demonstrates that Petitioner did not receive ineffective assistance of counsel.

On appeal, Attorney Schum challenged Petitioner's sentence enhancement pursuant to 21 U.S.C. § 851 for Petitioner's prior two felony drug convictions from 1991 and 1992. The Ninth Circuit Court of Appeals affirmed Petitioner's conviction and sentence and found that the Government properly filed the Section 851 sentence enhancement.

Attorney Schum properly declined to challenge the District Court's procedures in applying the sentence enhancement. Such a challenge was meritless given that the 1991 and 1992 convictions were more than five years old at the time of sentencing and could not have been successfully challenged pursuant to 21 U.S.C. § 851(e).

## I.   Petitioner Did Not Receive Ineffective Assistance Of Counsel On Appeal

Under the Due Process Clause of the Fifth Amendment, a criminal defendant has the right to representation by effective counsel in his direct appeal. Doyle v. United States, 366 F.2d 394, 398-99 (9th Cir. 1966). Claims of ineffective assistance of appellate counsel are evaluated according to the standard set out in Strickland v. Washington. Cockett v. Ray, 333 F.3d 938, 944 (9th Cir. 2003).

The petitioner must show that appellate counsel's

performance fell below an objective standard or reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, petitioner would have prevailed on appeal. Id. Failure to raise an argument not supported by the record does not fall below an objective standard of reasonableness. Pollard v. White, 119 F.3d 1430, 1436-37 (9th Cir. 1997). The Ninth Circuit Court of Appeals has explained that "failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (citing Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982)).

### A. Petitioner Medina Was Properly Provided With Notice That He Was Subject To Sentence Enhancement Pursuant to 21 U.S.C. § 851(a)

A sentencing court cannot enhance the sentence of a defendant convicted of a drug offense under 21 U.S.C. § 841(a) on the basis of a prior felony drug offense unless the government complies with the requirements of 21 U.S.C. § 851(a). United States v. Mayfield, 418 F.3d 1017, 1020 (9th Cir. 2005).

Section 851(a) provides, as follows:

    (a)   Information Filed By United States Attorney

        (1)   No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States

attorney files an information with the
court (and serves a copy of such
information on the person or counsel for
the person) stating in writing the
previous convictions to be relied upon.
Upon a showing by the United States
attorney that facts regarding prior
convictions could not with due diligence
be obtained prior to trial or before
entry of a plea of guilty, the court may
postpone the trial or the taking of the
plea of guilty for a reasonable period
for the purpose of obtaining such facts.
Clerical mistakes in the information may
be amended at any time prior to the
pronouncement of sentence.

(2) An information may not be filed under
this section if the increased punishment
which may be imposed is imprisonment for
a term in excess of three years unless
the person either waived or was afforded
prosecution by indictment for the
offense for which such increased
punishment may be imposed.

The Ninth Circuit Court of Appeals has explained that
Section 851(a) "requires strict compliance with procedural
aspects" but "[a]s long as the information provides clear notice
to a defendant of the prior convictions (and the court gives an
opportunity to attack convictions less than five years old), then
the statute has been satisfied."  United States v. Hamilton, 208
F.3d 1165, 1169 (9th Cir. 2000).

Petitioner Medina does not challenge the fact that he was
convicted of the two prior felony drug convictions in California
State Court in 1991 and 1992.  The Government provided clear,
written notice to Petitioner Medina that it was seeking to

enhance his sentence based on his two prior felony drug
convictions.

### 1.    Sentencing Enhancement Notice In The April 30, 2014 Letter

On April 30, 2014, the Government provided Petitioner's
Attorney Andrew Park with a copy of "defendant's lengthy Rap
Sheet."  (Letter from AUSA Tony Roberts to Attorney Andrew Park,
dated April 30, 2014, at p. 2, attached as Ex. B to Gov't
Sentencing Statement, ECF No. 193-2).  The Government stated in
the letter that it was seeking to file a Special Information
pursuant to 21 U.S.C. § 851 once it received certified copies of
Petitioner's conviction records.  (Id.)

Following the receipt of the letter, on May 12, 2014,
Petitioner pled guilty to Counts 1 and 2 of the Indictment.

### 2.    Sentencing Enhancement Notice At Petitioner's Hearing On The Motion To Withdraw Guilty Plea

Petitioner entered into a guilty plea before the Government
received certified copies of Petitioner's prior conviction
records from the California state court.

On August 19, 2014, Petitioner filed a Motion to Withdraw
His Guilty Plea.  (ECF No. 37).

On December 8, 2014, the Court held a hearing on
Petitioner's Motion to Withdraw his guilty plea.  (Transcript of

December 8, 2014 Hearing, ECF No. 213). At the hearing, the Government explained that it had obtained certified copies of Petitioner's conviction records and would file a Special Information if he chose to proceed to trial. (Id. at p. 16).

The District Court specifically inquired with Petitioner about his prior convictions. Petitioner was specifically informed that he would be subject to a mandatory minimum sentence of life imprisonment based on his prior convictions if he were to be found guilty. Despite the notice, Petitioner informed the Court that he wished to withdraw his plea, despite the Government's representation that it intended to file a Special Information Pursuant to 21 U.S.C. § 851. (Id. at p. 17).

### 3. Written Sentencing Enhancement Notice By Filing The December 17, 2014 Special Information

On December 17, 2014, the Government filed and served on the Petitioner a SPECIAL INFORMATION AS TO PRIOR DRUG CONVICTION PURSUANT TO 21 U.S.C. § 851. (ECF No. 60).

The Special Information states that the Petitioner is subject to an increased mandatory minimum sentence because of his prior felony drug convictions pursuant to 21 U.S.C. §§ 841(b), 851, as follows:

> 1. On or about February 5, 1991, Defendant Gilbert Lee Medina was convicted in the Superior Court of California, County of Riverside, in Case No. ICR-13812 of the following felony drug offense:

A. Possessing for sale and purchasing for purpose of sale a controlled substance, to wit, heroin.

B. True and correct certified copies of court documents related to the above mentioned conviction are attached hereto (Felony Complaint, Sentencing Document dated 02/05/91, and Abstract of Judgment), and incorporated herein by reference as Exhibit "A", and

2. On or about September 1, 1992, Defendant Gilbert Lee Medina was convicted in the Superior Court of California, County of Riverside, in Case No. ICR-15804 of the following felony drug offense:

A. Possessing for sale a controlled substance, to wit, methamphetamine.

B. True and correct certified copies of court documents related to the above mentioned conviction are attached hereto (Felony Complaint, Sentencing Document dated 09/01/92, and Report of Indeterminate Sentence), and incorporated herein by reference as Exhibit "B."

(Special Information, ECF No. 60).

The Government attached certified copies of the two prior felony convictions as Exhibits A and B to the Special Information. (ECF Nos. 60-1 and 60-2).

**4. Fed. R. Evid. 404(b) Notice Of Use Of Prior Convictions At Trial**

Prior to trial, the Government filed a Notice of Intent to Offer Similar Acts Evidence Pursuant to Fed. R. Evid. Rule 404(b). (ECF No. 142). The Government sought to introduce at

22

trial the two prior felony drug convictions from 1991 and 1992
noticed in the Special Information.  (Id. at p. 2).

Petitioner Medina did not object to the accuracy of the
convictions.  Petitioner stipulated to admit the 1991 and 1992
felony drug convictions at trial.  (Def.'s Response to 404(b) at
pp. 2-3, ECF No. 151).

### 5.    Notice Of Sentence Enhancement In The Presentence Investigation Report

After a seven-day jury trial, the jury returned a guilty
verdict as to all counts against Petitioner Medina.

The Probation Officer prepared a Presentence Investigation
Report.  The Presentence Investigation Report relied on the
Government's filing of the Special Information pursuant to 21
U.S.C. § 851 to find that Petitioner Medina was subject to a
mandatory minimum life term of imprisonment based on his prior
felony drug convictions. (Second Presentence Investigation Report
at ¶¶ 5, 111-12, ECF No. 192).

### 6.    Attorney Schum Challenged The Government's Filing Of Section 851 Special Information At The March 31, 2016 Sentencing Hearing

At the March 31, 2016 sentencing hearing, Attorney Schum
objected to the Government's use of the Special Information
pursuant to 21 U.S.C. § 851 to enhance Petitioner's sentence.

Attorney Schum stated, as follows:

And as far as the 851s go, when we look at the attorney
general's former memos that have been sent out, they
are cautioning U.S. attorneys from filing 851s for
various reasons.  You can pick and choose which ones
that say Mr. Medina should be subject to life—
sentenced to life in prison.  But under the two memos,
the August 12, 2013 and the August 29th 2013 by
Attorney General Holder, he is doing everything he can
to suggest that 851s in various cases should not be
filed subjecting someone in Mr. Medina's situation to a
life sentence.

The convictions were old, over 20 years, and we believe
that, under the guidance the attorney general provided,
he still should not be subject— or that the United
States Attorney's office should not have filed the 851s
in this case, and that it was done because he did
withdraw his pleas and was done retaliation for that.

(Transcript of Sentencing Hearing held March 31, 2016, at

pp. 3-4, ECF No. 211).

The District Court disagreed.  The Court found that the

Government properly filed the Section 851 Special Information in

its discretion.  (Id. at p. 12).  The Court also found that there

was no basis to find that the Government's filing of the Special

Information was done in retaliation for Petitioner withdrawing

his guilty plea.  The Court explained that there was evidence in

the record from April 30, 2014, before Petitioner withdrew his

plea, that the Government was seeking the Petitioner's prior

felony drug conviction records and was seeking to file a Special

Information.  (Id. at pp. 11-12).

> 7.   **Attorney Schum Challenged The Government's Use Of
>      The Special Information Pursuant To Section 851 On
>      Appeal**

Attorney Schum argued on appeal that the Government should have been precluded from seeking sentence enhancement pursuant to Section 851.  (Appellant's Opening Brief, 9th Cir. Dkt. Entry 12, Case No. 16-10159).  Attorney Schum argued that the Special Information was done in retaliation for Petitioner withdrawing his guilty plea.

The Ninth Circuit Court of Appeals reviewed Petitioner's direct appeal, including Attorney Schum's challenge to the Government's use of the Special Information pursuant to 21 U.S.C. § 851.  The Appellate Court affirmed Petitioner's convictions and sentence on appeal.  It ruled, in a memorandum opinion, as follows:

> Medina's challenges to his life sentence also fail.  At every stage of the proceedings the Government explained that it would seek a 21 U.S.C. § 851 enhancement if it had the necessary state court documents, and it updated Medina and the district court on its progress in acquiring the documents.  The Government's effort to seek the enhanced sentence was not vindictive or retaliatory.

United States v. Medina, 711 Fed. Appx. 420, 422 (9th Cir. Feb. 14, 2018).

Petitioner did not receive ineffective assistance of counsel from Attorney Schum.  Attorney Schum challenged the Government's sentence enhancement pursuant to Section 851.  The Ninth Circuit Court of Appeals rejected the challenge to the sentence enhancement.

The Court next turns to Petitioner's claim that he received ineffective assistance of counsel on the basis that Attorney Schum did not challenge the District Court's compliance with the procedures set forth in 21 U.S.C. § 851(b).

**B.   Attorney Schum Did Not Err In Declining To Challenge The District Court's Compliance With 21 U.S.C. § 851(b) On Appeal**

21 U.S.C. § 851(b) provides for an enhanced sentence if an offense under that section is committed after a prior conviction for a felony drug offense has become final.

Section 851(b) states:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Throughout the proceedings, the Parties discussed that Petitioner had two prior felony drug convictions in 1991 and 1992 from California state court.   There was no dispute that Petitioner had been convicted of the crimes and that the crimes qualified as felony drug convictions.   The relevant conviction documents filed by the Government provided that the 1991 felony conviction involved heroin and the 1991 conviction involved methamphetamine.   (Special Information Certified Conviction

Records, attached as Exs. A and B, ECF Nos. 60-1 and 60-2).
There was no basis to dispute that the convictions constituted
"felony drug" convictions for purposes of sentence enhancement.
United States v. Leal-Vega, 680 F.3d 1160, 1169 (9th Cir. 2012)
(modified categorical approach applies to Cal. Health & Safety
Code § 11351 and court properly found defendant convicted of
heroin distribution); United States v. Vega-Ortiz, 822 F.3d 1031,
1035-36 (9th Cir. 2016) (modified categorical approach applies to
Cal. Health & Safety Code § 11378 and court properly found
defendant convicted of felony drug offense based on
methamphetamine distribution).

Attorney Schum consulted with Petitioner about the accuracy
of the records. (Declaration of John M. Schum, attached to Gov't
Opp., ECF No. 227-1). Attorney Schum stated, "In reviewing the
case file, I saw the 851 documentation and the certified copies
of the supporting prior convictions. On their face, I thought
they were valid and unappealable convictions almost twenty-five
years later....[Medina] told me that he had committed the
misconduct, was charged with the crimes, knowingly and
voluntarily pled guilty in court and was sentenced to the term of
confinement indicated on the Judgements. He never sought an
appeal of the convictions." (Id. at ¶ 7).

Petitioner argues that Attorney Schum erred because on
appeal he did not challenge the District Court's compliance with

21 U.S.C. § 851(b). Attorney Schum explains that he believed that such an argument was meritless pursuant to 21 U.S.C. § 851(e). Schum states, "Based on the certified copies of the convictions that I had and Mr. Medina's discussion about them, I did not believe the prior drug felony convictions which were over 20 years old could be successfully challenged." (Schum Decl. at ¶ 8, ECF No. 227-1). Attorney Schum is correct.

21 U.S.C. § 851(e) states, "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." There is no dispute that the 1991 and 1992 convictions occurred more than five years before the Government filed the Special Information on December 17, 2014.

The Ninth Circuit Court of Appeals has directly address the scenario faced by Attorney Schum. In <u>United States v. Housley</u>, 907 F.2d 920, 921 (9th Cir. 1990), the district court did not completely comply with the provisions of Section 851(b). The defendant had a prior drug conviction from 1974, more than five years before his drug conviction pending before the district court. <u>Id.</u> The district court in <u>Housley</u> did not warn the defendant that his only chance to challenge the prior conviction was before sentencing. <u>Id.</u>

On appeal in <u>Housley</u>, the government argued that the

28

district court's omission was harmless pursuant to the effect of Section 851(e), which did not permit a defendant to challenge a prior conviction that occurred more than five years prior to the filing of the special information. Id. The Ninth Circuit Court of Appeals agreed with the government. Id. at 921-22. It stated that, "[n]either the enhancement statute nor reason requires a trial court to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information." Id. (quoting United States v. Nanez, 694 F.2d 405, 413 (5th Cir. 1982)).

The Ninth Circuit Court of Appeals revisited the issue, en banc, in United States v. Severino, 316 F.3d 939, 943 (9th Cir. 2003) (en banc). In Severino, the district court did not ask the defendant if he affirmed or denied his previous conviction and did not inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence. Id. at 947. The Ninth Circuit Court of Appeals ruled, however, that the district court's failure to strictly comply with Section 851(b) was harmless, because the prior conviction for which the defendant was subjected to enhancement had occurred more than five years before the government filed the special information. Id. at 948. The en banc panel explained,

> Severino admitted—more than once—that he had no way to challenge the validity of the prior conviction. He walked into the plea agreement voluntarily, aware that he was almost certainly going to be subject to a mandatory minimum on account of the prior. Severino cannot plausibly argue that he would have done anything differently, had the district court properly asked him to affirm or deny the prior conviction, or had the district court informed him that he would lose the right to challenge the conviction upon accepting the plea. The error was harmless.

Id.

Just as in Severino, Petitioner Medina had no basis to challenge the validity of his 1991 and 1992 prior felony drug convictions. Petitioner Medina was specifically informed at his hearing on the withdrawal of his guilty to plea that he would be subjected to a mandatory minimum sentence based on his prior felony drug convictions. The Government provided written notice with the certified convictions records to Petitioner. Petitioner continued to be informed of the Government's reliance on his prior felony drug convictions throughout proceedings including agreeing to their admission into evidence at trial. The prior felony drug convictions were also part of the Presentence Investigation Report. Petitioner cannot plausibly argue that he would have done anything differently had the district court directly asked him to affirm or deny the prior convictions. Throughout the prosecution of his case, Petitioner was given multiple opportunities to deny the prior convictions and he did not.

Attorney Schum did challenge the Government's use of the Special Information.  He raised the issue to the District Court and to the Ninth Circuit Court of Appeals, both of which agreed that the prior convictions were valid and were properly used by the Government to enhance Petitioner's sentence.

Attorney Schum reasonably declined to challenge the District Court's compliance with Section 851(b) on appeal.  He explained, "When discussing my strategy for the appeal before the 9th Circuit, I advised Mr. Medina that our best course of action would be to challenge a couple of the Court's ruling[s] on evidentiary issues and raise the efficacy of a life sentence based on the unique facts of his case."  (Schum Decl. at ¶ 10, ECF No. 227-1).

There was no reasonable basis for Attorney Schum to challenge the District Court's compliance with Section 851(b) on appeal.  The holdings in Severino and Housley foreclosed Attorney Schum from successfully making such an argument.  The Ninth Circuit Court of Appeals has continued to find challenges to the district court's failure to strictly abide by the procedural requirements of Section 851(b) to be meritless where the defendant's prior conviction was barred from review pursuant to 851(e).  United States v. Smith, 733 Fed. Appx. 415, 416 (9th Cir. 2018) ("Smith would not have been able to challenge his previous convictions, as listed in the Information, even if the

district court had afforded him the opportunity to do so....The district court's failure to abide by the procedural requirements of 21 U.S.C. § 851(b) was therefore harmless error.").

Attorney Schum's failure to raise a meritless legal argument does not constitute ineffective assistance of counsel. <u>Shah</u>, 878 F.2d at 1162.

## II. <u>Petitioner Is Not Entitled To A Certificate Of Appealability</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a Certificate of Appealability may be issued in a habeas corpus proceeding "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A "substantial" showing requires a prisoner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).

Petitioner Medina's Section 2255 Motion has not made a substantial showing that Petitioner was deprived of a constitutional right. Petitioner's arguments are not supported by the record and applicable law. Reasonable jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings.

A Certificate of Appealability is **DENIED.**

## CONCLUSION

Petitioner Medina's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 218) is **DENIED**.

A Certificate of Appealability is **DENIED**.

IT IS SO ORDERED.

DATED: November 21, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Gilbert Lee Medina v. United States of America; Cr. No. 13-01039 HG-01; Civ. No. 19-00148 HG-KJM; **ORDER DENYING PETITIONER GILBERT LEE MEDINA'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 218) AND DENYING A CERTIFICATE OF APPEALABILITY**